WALLACE, Circuit Judge,
concurring in part and dissenting in part:
I agree that the district court did not err in granting BP’s motion for summary judgment on Petro Star’s claims of uncon-scionability and unjust enrichment. But I respectfully dissent from the majority’s conclusion that the term “tariff’ in the contract is ambiguous, and its conclusion that the district court erred in granting summary judgment.
A provision of the contract at issue in this appeal stated that “[a]ny changes to the TAPS Quality Bank, including but not limited to retroactive adjustments, shall apply to this contract.” Because the contract specified that retroactive adjustments apply to this provision involving exchange barrels, but did not include any such language about the barrels at issue here, retroactive adjustments do not apply to the term “tariff’ as used here under the “expressio unius est exclusio alteras” principle of Ohio contract law. See Laikos v. Marquis Mgt. Grp., LLC, No. 2008CA00166, 2009 WL 2170982, at *4 (Ohio Ct.App. July 20, 2009) (“Having defined ‘Sale’ in Sections 7, 8, and 9 to include something less than a sale of all its assets but having failed to do so in Section 6, we find ‘sale’ in Section 6 means sale of all Marquis’s assets.”).[1] Retroactive adjustments apply only to the exchange barrels.
The majority errs by concluding that the fact that the TAPS Quality Bank retroac-tivity provision was negotiated after the original sales contract between BP and *713 Petro Star means that the provisions are not “members of an associated group or series.” We should instead conclude that in 1991 the parties intended the term “tariff’ to refer solely to “permanent tariffs,” but came to a different agreement in 1994.
The term “tariff’ in this contractual provision is unambiguous. The clear language of the contract applies retroactive adjustments only to another tariff, not the tariff at issue in this appeal. Because the contract is unambiguous, there is no need to look to extrinsic evidence. We should affirm the district court.

. Although this Ohio court of appeals opinion is unpublished, it may be cited as legal authority and weighted the same as a published opinion pursuant to Ohio Supreme Court Rule 3.4 for the Reporting of Opinions.